NO. 07-05-0216-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 3, 2005

_____

RONNIE TREVINO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. A 3692-0203; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea agreement, appellant Ronnie Trevino was convicted of forgery and sentenced to two years confinement and a $500 fine. The confinement was suspended in favor of three years of community supervision. After a hearing on the State's motion to revoke, the trial court revoked appellant's community supervision and assessed

the original punishment. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.–San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant did not file a response. Neither did the State favor us with a brief.

The State filed a motion to revoke appellant's community supervision alleging (1) on May 8, 2005, appellant unlawfully appropriated, acquired, or otherwise exercised control over a pack of earrings valued at less than $50 from Wal-Mart Supercenter, and (2) appellant failed to complete a court-ordered program at the Lubbock County Community Correction Facility. At the revocation hearing, appellant pled not true to the violations, and after hearing the evidence, the court concluded he had violated the terms of his community

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

supervision. The court immediately revoked the order of community supervision, and imposed the original sentence of two years confinement.

By his *Anders* brief, counsel raises the issue of whether there was legally and factually sufficient evidence for the trial court to find that appellant violated the terms and conditions of his community supervision. Although counsel raises the issue of sufficiency, appellate review of a revocation order is limited to determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). One sufficient ground for revocation will support the trial court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980).

In the present case, the court heard testimony from the Wal-Mart undercover security employee who apprehended appellant. The employee testified he observed appellant remove the earrings from the jewelry department, move to the electronics department and attempt to put on one of the earrings, move to the shoe department and use a mirror to assist him in putting on the earring, and then walk out the front door without purchasing the merchandise. He further testified that when he confronted appellant outside the store, appellant admitted to taking the earrings and offered to pay for them. The court also heard from appellant's community supervision officer who testified appellant

3

failed to complete the Lubbock County Community Correction Facility program successfully. The trial judge was the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. Mattias v. State, 731 S.W.2d 936, 940 (Tex.Cr.App. 1987). Based on the evidence presented, we do not find the court's conclusion that appellant committed the alleged violations to be an abuse of discretion.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4